IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **STEVE SHELTON, et al.,** | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **Civil Action No. 3:09-cv-0318** |
| **RUTHERFORD COUNTY, TENNESSEE and JAMES C. COPE individually and in his official capacity as Rutherford County Attorney,** | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| and | ) ) | **Consolidated with:** |
| **RUTHERFORD PROPERTY OWNERS, LLC and BPU HOLDINGS, LLC,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Case No. 3:09-cv-0413** |
| **RUTHERFORD COUNTY, TENNESSEE and JAMES C. COPE individually and in his official capacity as Rutherford County Attorney,** | ) ) ) ) | |
| Defendants. | ) | Judge Thomas A. Wiseman, Jr. |

## ORDER

Plaintiffs in the lead action (3:09-cv-318) (the "Shelton Plaintiffs") initially brought this action against defendants Rutherford County, Tennessee and Rutherford County Attorney James C. Cope in his official and individual capacities asserting claims pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1988 for compensatory and punitive damages arising from alleged violations of their rights under the Fifth and Fourteenth Amendments to the United States Constitution, including a violation of their substantive due process rights. In the alternative, the Shelton Plaintiffs assert state-law claims for inverse condemnation and negligence against defendant Rutherford County only.

In the related action (case number 3:09-cv-0413) that has now been consolidated with the action brought by the Shelton Plaintiffs, plaintiffs Rutherford Property Owners, LLC ("RPO") and BPU Holdings, LLC ("BPU") (the "Developers" or "Developer Plaintiffs") assert virtually identical causes of action, minus

the inverse condemnation claim, based upon the same alleged wrongdoing.

Now before the Court are two separate motions to dismiss under Rule 12(b)(6) brought by defendants Rutherford County and James C. Cope. The first (Doc. No. 25) seeks dismissal of the claims brought by the Shelton Plaintiffs; the second (Doc. No. 27) seeks dismissal of the claims brought by the Developer Plaintiffs. The claims asserted by the two sets of plaintiffs in their respective complaints are essentially identical as are the arguments in the motions to dismiss those claims, and the Court has considered both motions contemporaneously. For the reasons explained in the accompanying Memorandum Opinion, Defendants' motions to dismiss the Shelton Plaintiffs' (Doc. No. 25) and the Developer Plaintiffs' (Doc. No. 27) claims are **DENIED IN PART AND GRANTED IN PART**. Specifically, the motions are **GRANTED** insofar as they seek dismissal of the state-law claims. The Plaintiffs' respective negligence claims are hereby **DISMISSED WITH PREJUDICE**, and the inverse-condemnation claim, asserted by the Shelton Plaintiffs only, is hereby **DISMISSED WITHOUT PREJUDICE**. In all other respects the motions are **DENIED**.

It is so **ORDERED**.

The matter is remanded back to the Magistrate Judge for further case management as necessary. The parties are advised that the Court would be inclined to consider a motion to stay these proceedings pending the outcome of the appeal pending before the Tennessee Court of Appeals.

*[signature]*
Thomas A. Wiseman, Jr.
Senior U.S. District Judge