IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVE SHELTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-cv-0318 |
| | ) | |
| RUTHERFORD COUNTY, TENNESSEE and | ) | |
| JAMES C. COPE individually and in his | ) | |
| official capacity as Rutherford County Attorney, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| and | ) | CONSOLIDATED WITH: |
| | ) | |
| | ) | |
| RUTHERFORD PROPERTY OWNERS, LLC and | ) | |
| BPU HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 3:09-cv-0413 |
| | ) | |
| RUTHERFORD COUNTY, TENNESSEE and | ) | |
| JAMES C. COPE individually and in his | ) | |
| official capacity as Rutherford County Attorney, | ) | |
| | ) | |
| Defendants. | ) | Judge Thomas A. Wiseman, Jr. |

**MEMORANDUM OPINION**

Before the Court are motions for partial summary judgment brought by the Plaintiffs in the lead action (the "Shelton Plaintiffs") (3:09-cv-318) (Doc. No. 64), Plaintiffs in the related action (the "Developer Plaintiffs") (3:09-cv-413) (Doc. No. 71) and by Defendants (Doc. No. 73). These motions place this Court in an unusual procedural posture insofar as they all seek judgment as to the "preclusive effect" of an opinion by the Tennessee Court of Appeals in a related prior action, but the parties posit opposing views as to the effect of the state court's judgment. The Shelton Plaintiffs seek partial summary judgment to the effect "that Defendants are precluded from relitigating their adjudicated liability under 42 U.S.C. § 1983 for violating Plaintiffs' constitutionally protected property interest and substantive due process rights; and that Plaintiffs are entitled to submit application for award of their attorney's fees under 42 U.S.C. § 1988

incurred in the now-concluded State Court proceedings." (Doc. No. 64, at 1–2.) The Developer Plaintiffs likewise seek a judgment that Defendants "are precluded from re-litigating their liability pursuant to 42 U.S.C. § 1983 as determined by the Chancery Court for Rutherford County, Tennessee." ((Doc. No. 71, at 2.) For their part, Defendants assert that the Tennessee Court of Appeals "overturned the Chancery Court's finding of constitutional violations and award of attorneys' fees under § 1988" and that "[t]his final decision of the state courts is binding on this Court and preclusively determines that neither the County nor [County Attorney] Cope, as its privy, violated Plaintiffs' constitutional rights." (Doc. No. 73, at 1–2.) As set forth below, this Court finds that neither side's proffered interpretation of the final state-court decision is supported by the actual opinion rendered by the Tennessee Court of Appeals, and all the motions seeking judgment regarding the "preclusive effect" of that opinion must be denied.

The Developer Plaintiffs also seek judgment on two additional, related issues: (1) that the Tennessee Court of Appeals' conclusion that § 4.05 of the Rutherford County Zoning Ordinance is void and without effect means, "[a]s a matter of law," that the County's reliance on § 4.05 to deny Plaintiffs' petition resulted in a violation of Plaintiffs' constitutional rights (Doc. No. 72, at 11); and (2) on that basis, Plaintiffs are entitled to recover the attorney fees incurred in this Court as well as in the state-court proceedings. Defendants do not actually address the merits of this argument other than to insist that the state appellate court already considered the issue of whether Defendants violated Plaintiffs' substantive due process rights and determined that they did not, and that Plaintiffs are now barred by the *res judicata* principles from relitigating that issue before this Court. Despite its disagreement with Defendants' line of reasoning, the Court nonetheless finds that Plaintiffs have not established the existence of a constitutionally protected property or liberty interest sufficient to support a claim for violation of their substantive due process rights. The Developer Plaintiffs' motion for judgment in their favor as to that issue will therefore be denied, as will the pendent claim for attorneys' fees.

I.      PROCEDURAL BACKGROUND

Having already done so in its earlier ruling on Defendants' motions to dismiss, the Court will not provide a detailed account of the factual background here. An account of the convoluted procedural background is unavoidable, however.

The Shelton Plaintiffs initially brought this action against defendants Rutherford County, Tennessee and Rutherford County Attorney James C. Cope in his official and individual capacities (collectively, "Defendants") asserting claims pursuant to 42 U.S.C. §§ 1983 and 1988 for compensatory and punitive damages arising from alleged violations of their rights under the Fifth and Fourteenth Amendments to the United States Constitution—specifically, violation of their substantive due process rights.  In the related action (3:09-cv-0413) that has now been consolidated with the action brought by the Shelton Plaintiffs, the Developer Plaintiffs assert virtually identical causes of action based upon the same alleged wrongdoing.

In an Order entered September 8, 2009, this Court ruled upon two separate motions to dismiss brought by Rutherford County and James C. Cope (Doc. Nos. 25 and 27, respectively), seeking dismissal of all the claims brought by each set of Plaintiffs.  The Court granted the motions insofar as they were directed toward the Plaintiffs' state-law claims but denied the motions in all other respects, specifically finding that the Chancery Court's decision in the underlying state court action was, at that time, the final state-court decision and therefore had preclusive effect in this Court.  The Court also noted that the parties' appeal of the Chancery Court decision was still pending before the Tennessee Court of Appeals.

One of the subjects of the state court proceedings was the County Commission's use of Section 4.05 of the Rutherford County Zoning Resolution to deny the Plaintiffs' petition for the rezoning of the Shelton Plaintiffs' property to allow for the development of a Bible-themed amusement park.  Section 4.05 provides that:

> The Board of Commissioners shall approve or reject a proposed amendment by a simple majority vote.  However, if twenty (20%) percent of the property owners of record, that have a common boundary or are directly across a public road from the proposed reclassification, submit a duly signed and acknowledged petition in opposition to the proposed reclassification/conditional use no later than ten days after the final notice of the public hearing is published, then the Board of Commissioners must have a 2/3 majority vote to approve the proposed reclassification/conditional use.

(Doc. No. 26-1, at 2.[1])  The Commission determined that this provision was triggered with respect to the Shelton Plaintiffs' petition, and denied the petition based upon a vote of twelve commissioners in favor of and nine opposed to the motion.  In other words, if only a simple majority vote had been required, Plaintiffs' petition would have prevailed.  On a writ of certiorari to the Chancery Court for Rutherford

---

[1]    The entire Rutherford County Zoning Ordinance is also available on-line at http://www.rutherfordcountytn.gov/planning/pdfs/zoning_resolution0509.pdf.

County, Plaintiffs argued, among other things, that the provision was illegal because it was in contravention of the state statute authorizing the County Commission to review their zoning petition, and that the Commission's actions therefore violated their civil rights under 42 U.S.C. § 1983.

The Chancery Court entered a lengthy decision in which it ultimately reversed and remanded the County Commission's decision for further consideration, "for the reason that the record does not demonstrate facts which show that the vote of the Commission was based upon land use issues." *Shelton v. Rutherford County*, No. 08-0884CV, slip op. at 16–17 (Ch. Ct. Rutherford County, Tenn. Oct. 20, 2008) (hereafter, *"Shelton I"*) (attached as Ex. D to Compl., Doc. No. 1-4). In reaching that conclusion, the Chancellor indicated that he was "troubled by the fact that the members of the Commission have provided little insight into the reasons for their decision," which were not reflected in Commission's meeting minutes, *id.* at 15, and expressed "even greater concern" over "the total absence of any basis within the record for the Commission's determination that a majority vote of the Commissioners was insufficient to pass the change," *id.* at 17. However, while noting that community opposition alone is not a sufficient basis for denying a zoning request,[2] the Chancellor declined to determine on that basis that a majority vote was sufficient or to declare that the resolution had in fact passed. The court instead remanded to allow the Commission the opportunity to make an express decision as to whether a supermajority vote was required. Further, although the Chancellor recognized that § 4.05 and the interpretation thereof were "fraught with problems," he specifically stated that he was "not prepared to rule that the provision is unconstitutional on its face, or that it is void *per se*." *Id.* at 23. Finally, although the Chancellor did not expressly address any constitutional issues in the body of the

---

[2] The Chancery Court actually stated that community opposition is *not* an insufficient basis for denial of a zoning request. *Shelton I*, slip op. at 15 n.29. However, this Court presumes the state court intended to say that community opposition alone *is* an insufficient basis, based on the context of the opinion and the cases cited. *See B & B Enters. of Wilson County*, No. M2003-00267-COA-R3-CV, 2004 WL 2916141, at *6 n.10 (Tenn. Ct. App. Dec. 16, 2004) ("[C]ommunity opposition does not provide an appropriate basis for withholding approval of a proposed development that meets all applicable requirements."); *Nixon v. Bd. of Comm'rs of Chattanooga*, C.A. No. 972, 1990 WL 143817, at *1 (Tenn. Ct. App. Oct. 4, 1990) (noting that "community opposition to a re-zoning of property cannot supersede a vested legal right, and that if the refusal to re-zone the appellants property was attributable solely to the subjective views of neighborhood residents the serial actions would be contrary to legal principles and would be reversed").

decision, he decided, in the Conclusion of his opinion, that it was "appropriate to award counsel fees to the Petitioners." *Id.* at 24.[3]

In October 2009, the Tennessee Court of Appeals vacated the Chancery Court's decision. In its opinion, the appellate court held specifically that "Section 4.05 of the Rutherford County Zoning Resolution is not within the [Tennessee] General Assembly's grant of authority to the County and is therefore ultra vires and void *ab initio.*" *Shelton v. Rutherford County, Tenn.*, No. M2008-02596-COA-R3-CV, 2009 WL 3425638, at *4 (Tenn. Ct. App. Oct. 23, 2009) ("*Shelton II*") (citing Tenn. Code Ann. § 13-7-105(a)).[4] The court held that the Plaintiffs' zoning application "received a majority vote of the county commission and should be declared to have passed." *Id.*

Having reached that conclusion, the court noted that it had no need to reach many of the other issues raised by the parties. It did, however, vacate the Chancery Court's award of attorneys' fees, stating as follows:

> There has been a dispute as to whether this action was properly brought as a common law writ of certiorari or a declaratory judgment. This distinction is relevant to the attorney fee issue only because the request for attorney fees is based solely on the § 1983 claim. It is well-settled that a party cannot join a common law writ of certiorari with a direct action for damages such as a claim under 42 U.S.C. § 1983. There is also authority, however, that a § 1983 and § 1988 claim can be attached to a petition for judicial review for the purpose of seeking attorney fees in certain circumstances.

> We need not resolve the appropriateness of attaching the attorney fee claims, however, because we find that the Sheltons were not entitled to attorney fees under 42 U.S.C. § 1988. The attorney fee provision in 42 U.S.C. § 1988 provides that a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." We review a trial court's decision to grant or deny attorney fees pursuant to § 1988 under an abuse of discretion standard. There has been an abuse of discretion "when the trial court reaches a decision against logic that causes harm to the complaining party or when the trial court applies an incorrect legal standard."

> . . . . [T]he trial court neither accepted nor rejected the Sheltons' constitutional claims. On appeal we have determined that Section 4.05 is not authorized by the enabling statutes, and therefore, we do not reach any constitutional questions.

---

[3] With regard to fees, the Chancery Court noted that the Petitioners "sought attorney's fees pursuant to the provisions of Federal law due to the violation of the civil rights of the Petitioners, under 42 USC § 1983, and 42 USC § 1988," and that the County "strongly object[ed] to any such award." *Shelton I*, slip op. at 24. Rather than addressing any claims under § 1983 or § 1988, the court simply stated that fees were appropriate in "consider[ation] of all of the proof." *Id.*

[4] The Tennessee statute governing amendment to any provision of a zoning ordinance specifically requires a "favorable vote of a *majority* of the entire membership of the county legislative body." Tenn. Code Ann. § 13-7-105(a) (emphasis added).

> We are aware of related litigation pending in federal district court involving the Sheltons, the County, and other parties [referring to the Sept. 8, 2009 Memorandum Opinion and Order issued by the undersigned]. In these related cases, which include claims under § 1983, the federal district court interpreted the chancellor's opinion in the present case as an implicit determination that the County had violated the Sheltons' civil rights in its denial of the zoning application. The court reasoned that, by finding error in the county commission's denial and then ruling that the Sheltons were entitled to attorney fees under § 1988, the chancery court "necessarily decided, as a matter of fact and law," that the county commission's actions violated the Sheltons' constitutional rights. We respectfully disagree with this interpretation of the chancellor's opinion. The chancellor expressly stated that he did not reach the constitutional issues raised by the Sheltons. Rather, he ruled that the County had failed to properly implement the supermajority procedure of Section 4.05 and had not given reasons for its denial of the zoning request.
>
> On the record before this court, we are unable to conclude that there were any constitutional violations. We therefore find that the chancellor erred in awarding attorney fees in this case.

*Id.* at *5–*6 (footnotes, internal quotation marks and citations omitted). The court expressly noted that it was "aware of cases holding that § 1988 may allow attorney fee awards to plaintiffs who succeed on state law claims that are pendent to undecided substantial civil rights or constitutional claims arising out of a common nucleus of operative facts," but was "unwilling to speculate as to the substantiality of the Sheltons' claims or as to whether they would have prevailed on those claims." *Id.* at *6 n.5 (citation and quotation marks omitted).

Based upon this reasoning, the court "vacate[d] the decision of the trial court and remand[ed] with instructions that the trial court direct the Rutherford County Board of Commissioners to declare the zoning application granted." *Id.* at *6.

## II. ANALYSIS AND DISCUSSION

### A. The Effect of the Tennessee Court of Appeals' Ruling

The parties in the present consolidated cases now seek a judgment from this Court as to the preclusive effect of the state appellate court's ruling. Plaintiffs assert, basically, that the Court of Appeals did not upset the Chancery Court's finding that their constitutional rights were violated and that the Chancery Court's decision in that regard remains the law of the case and is, as such, binding upon this Court. (*See* Doc. No. 72, at 3 ("Since the Tennessee Court of Appeals did not overturn Chancellor Corlew's decision that the Defendants violated the Sheltons' rights under § 1983, such ruling remains in full force and effect.").) Plaintiffs also maintain that the Tennessee Court of Appeals did not actually vacate that portion of the Chancery Court opinion awarding attorneys' fees. Defendants assert the

opposite: that the Court of Appeals reached a conclusion that Defendants did *not* violate Plaintiffs' constitutional rights, and that that decision is binding upon this Court.

This Court finds, based upon the lengthy quotation from the Court of Appeals' decision, above, that neither party's position is tenable. Both, in fact, border on the risible. The Tennessee Court of Appeals concluded that the Rutherford County Commission should have declared Plaintiffs' rezoning petition to have passed, based on a majority vote, since § 4.05 of the Rutherford County Zoning Code is void and of no effect, being in contravention of the statute granting authority to the Commission to amend a zoning ordinance. The Court of Appeals unambiguously vacated the remainder of the decision, including the decision to award attorneys' fees. The Court of Appeals expressly concluded that the Chancery Court had not actually considered whether Defendants had violated Plaintiffs' constitutional rights so as to justify the award of fees.[5] The effect of an order vacating the Chancery Court's decision, as the Developer Plaintiffs correctly note, is to place the parties in the same position as if no decision had been rendered at all. *See Knott v. Sulliva*n, 418 F.3d 561, 567 (6th Cir. 2005) (holding that the question of the preclusive effect in federal court of a state-court determination is based upon the state's preclusion law, citing 28 U.S.C. § 1738); *State v. Cribbs*, 967 S.W.2d 773, 788 (Tenn. 1998) (noting that a vacated judgment is "rendered void," and citing Black's Law Dictionary 1548 (6th ed. 1990), as defining "'vacate' as '[t]o annul; to set aside; to cancel or rescind. To render an act void; as to vacate an entry of record, or a judgment.'"). *See also* 1B J.M. Moore et al., Moore's Federal Practice ¶ 0.416[2], at 517 (2d ed. 1992) (judgment that has been vacated, reversed or set aside on appeal is deprived of all conclusive effect); Restatement (2d) of Judgments § 13 cmt. f (1980) (judgment ceases to be final for purposes of res judicata or collateral estoppel if set aside by trial court). Consequently, even if Chancellor Corlew had made an express finding that Plaintiffs' constitutional rights had been violated (which he did not),[6] that

---

[5] This Court was admittedly baffled by the same failure on the part of the Chancery Court but deemed itself bound by that ruling for comity reasons.

[6] Plaintiffs actually argue that the Tennessee Court of Appeals was "mistaken" in "illogically conclud[ing]" that "the Chancery Court did not consider § 1983 constitution issues required to award attorney fees under § 1988." (Doc. No. 66, at 5–6.) Even if this Court agreed with that proposition—and it does not— this Court has no authority to "correct" the Tennessee Court of Appeals' construction of a Tennessee trial court's ruling.

decision has been rendered nugatory—it has no effect whatsoever, much less a binding or preclusive effect on this Court.[7]

It is equally apparent, however, that the Tennessee Court of Appeals did not reach a decision that the Defendants did *not* violate Plaintiffs' constitutional rights. Rather, it unequivocally concluded that it had no need to reach that question: "On appeal, we have determined that Section 4.05 is not authorized by the enabling statutes, and therefore, we do not reach any constitutional questions." *Shelton II*, 2009 WL 3425638, at *5.[8] In sum, there is no final state-court opinion that addresses the issue of whether Defendants did or did not violate Plaintiffs' constitutional rights. Consequently, this Court must retract that portion of its earlier ruling indicating that this Court believed itself bound by Chancellor Corlew's conclusion that Rutherford County had infringed upon some constitutionally protected property interest and thereby violated Plaintiffs' substantive due process rights. Besides the fact that the Tennessee Court of Appeals disagreed with this Court's interpretation of Chancellor Corlew's decision in that regard, the relevant portion of Chancellor Corlew's decision has been vacated. Whether Defendants violated Plaintiffs' constitutional rights remains an open question.

**B.    Whether Plaintiffs Are Entitled to Summary Judgment as to their Substantive Due Process Claims**

The Developer Plaintiffs argue that "a substantive due process violation creating § 1983 liability occurs when arbitrary and capricious government action deprives an individual of a constitutionally protected property interest," and that "[i]t is difficult to imagine a governmental action more arbitrary, capricious, and unreasonable than to have used a void zoning resolution to deny Plaintiffs' Zoning Application." (Doc. No. 73, at 10.) On the basis of the Tennessee Court of Appeals' determination that Rutherford County Zoning Ordinance § 4.05 is void under Tennessee law, Plaintiffs argue that they are

---

[7] The Plaintiffs' argument that "Defendants are precluded from arguing that the Court of Appeals reversed or vacated the Chancellor's award of attorneys fees . . . because the Defendants failed to seek a rehearing in the Tennessee Court of Appeals" (Doc. No. 72, at 8) is patently devoid of merit. A party who finds an opinion to be clear (even if mistaken as to its import) obviously has no obligation to seek clarification thereof.

[8] The court indeed stated: "On the record before this court, we are unable to conclude that there were any constitutional violations." *Shelton II*, 2009 WL 342638, at *6. Read in context, however, particularly light of the court's overt disclaimer of having reached any constitutional issues and its "unwilling[ness] to speculate as to the substantiality of the [Plaintiffs'] constitutional claims," *id.* at 5 and 6 n.5, that statement cannot be read to mean that the court affirmatively determined that no constitutional violation occurred.

entitled to summary judgment to the effect that the County's reliance on that provision was unreasonable *per se* and therefore resulted in a § 1983 violation.

Plaintiffs, however, have ignored a necessary precondition for proving their § 1983 claim: "To establish a violation of substantive due process, a plaintiff must first establish the existence of a constitutionally protected property or liberty interest." *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992); *see also Andreano v. City of Westlake*, 136 Fed. Appx. 865, 871 (6th Cir. 2005) ("In the absence of a constitutionally protected interest, arbitrary and capricious conduct will not support a substantive due process claim."). In the context of zoning, the Sixth Circuit has repeatedly held that a plaintiff must demonstrate that he had a property interest in the proposed use of the undeveloped parcel at issue, and to do that, he must prove that the local body ruling on zoning appeals lacked the discretion to deny the plaintiff's proposed use if he complied with certain minimum mandatory requirements. *See, e.g.*, *Andreano*, 136 Fed. Appx. at 871 ("A plaintiff lacks a legitimate claim of entitlement or justifiable expectation if a municipality has discretion under its zoning code to deny the plaintiff's land-use application despite the application's compliance with the code's minimum requirements."); *Triomphe Investors v. City of Northwood*, 49 F.3d 198 (6th Cir. 1995) ("In order to have such a property interest supporting a substantive due process claim, Triomphe must show either that it possessed a legitimate claim of entitlement to the special use permit or a justifiable expectation that the City Council would issue the permit."); *Silver*, 966 F.2d at 1036 ("If the Board had the discretion to deny Silver a conditional zoning certificate for a condominium complex even if he complied with certain minimum, mandatory requirements, then Silver would not have a 'legitimate claim of entitlement' or a 'justifiable expectation' in the approval of his plan." (citing *G.M. Eng'rs & Assocs., Inc., v. W. Bloomfield Twp.*, 922 F.2d 328, 331 (6th Cir. 1990); *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); and *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)).

Here, the question of whether Plaintiffs have a constitutionally protected property interest in having the subject property rezoned depends on whether the Rutherford County Commission had the discretion to deny the Plaintiffs' rezoning application. Only if it did not will the question of whether its action can survive constitutional scrutiny under the rational-basis standard become relevant. In the context of the present motion, Plaintiffs have failed to put forth any evidence that they possess the

requisite property interest. Their motion for summary judgment in their favor on this issue must therefore be denied. The question of whether Plaintiffs have a cognizable claim under § 1983 for violation of their substantive due process rights remains open.

**III.    CONCLUSION**

For the reasons set forth herein, all three pending motions, Document Nos, 64, 71, and 73, will be denied. An appropriate Order will enter.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge