IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVE SHELTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-cv-0318 |
| | ) | |
| RUTHERFORD COUNTY, TENNESSEE and | ) | |
| JAMES C. COPE individually and in his | ) | |
| official capacity as Rutherford County Attorney, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | CONSOLIDATED WITH: |
| | ) | |
| RUTHERFORD PROPERTY OWNERS, LLC and | ) | |
| BPU HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 3:09-cv-0413 |
| | ) | |
| RUTHERFORD COUNTY, TENNESSEE and | ) | |
| JAMES C. COPE individually and in his | ) | |
| official capacity as Rutherford County Attorney, | ) | |
| | ) | |
| Defendants. | ) | Judge Thomas A. Wiseman, Jr. |

## ORDER

This Court entered an Order on September 8, 2009 (Doc. No. 41) denying Defendants' motions to dismiss Plaintiffs' § 1983 claims premised upon violation of their substantive due process rights, on the basis that the Chancery Court for Rutherford County, Tennessee had already made a determination that Defendants had violated Plaintiffs' rights under § 1983.   In light of the ruling of the Tennessee Court of Appeals on the matter of *Shelton v. Rutherford County, Tenn.*, No. M2008-02596-COA-R3-CV, 2009 WL 3425638 (Tenn. Ct. App. Oct. 23, 2009), that portion of this Court's prior order is hereby **VACATED**.  To be clear, only that portion of the prior Order (as discussed in the Memorandum Opinion accompanying that Order, Doc. No. 40) denying the motion to dismiss the substantive due process claims on preclusion grounds is vacated.

Thus, the question of whether Plaintiffs have a viable claim under § 1983 for violation of their substantive due process rights remains an open question, regarding which the parties may desire to file yet another round of dispositive motions. Should they desire to do so, they should keep the following discussion in mind.

The Court is aware that Defendants, in their original motions to dismiss (Doc. Nos. 25 and 27), argued on the basis of the Sixth Circuit's opinions in *Triomphe Investors v. City of Northwood*, 49 F.3d 198 (6th Cir. 1995), and *Silver v. Franklin Township Board of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992), that Plaintiffs' substantive due process claims must be dismissed on the basis that the Rutherford County Commission clearly had the discretion to deny Plaintiffs' rezoning application. In response, Plaintiffs argued that the Chancery Court had already ruled that Defendants' actions were arbitrary and capricious and therefore violated Plaintiffs' constitutional rights. They make a similar argument in response to Defendants' more recent motion for partial summary judgment.

As the Court indicated in the context of ruling on the motions for partial summary judgment, that argument is somewhat beside the point, since the threshold issue is whether Plaintiffs had a constitutionally protected property or liberty interest that would support a substantive due process claim. The Rutherford County Zoning Resolution, enacted pursuant to Tenn. Code Ann. § 13-7-105, clearly gives the County Commission discretion as to whether to grant a particular rezoning application. Section 4.04 of the Resolution states: "The county legislative body *may* from time to time amend the number, shape, boundary, area or any regulation of or within any district or districts or any other provision of any zoning resolution." The Sixth Circuit has observed that "the use of the word 'may' provides sufficient discretion to undercut any argument that the language of the zoning regulations vest[s] in [plaintiff] an entitlement to [a zoning change]." *Triomphe*, 49 F.3d at 203. Moreover, the Sixth Circuit has also held that a municipality does not "forfeit its initial discretion" even if its exercise of that discretion to deny a zoning petition is later deemed violate state law or even to be arbitrary and capricious under state law. *Andreano v. City of Westlake*, 136 Fed. Appx. 865, 872 (6th Cir. 2005).

This Court, however, is not aware of any cases addressing the precise issue presented here, which is this: Does the fact that a majority of the members of the County Commission actually voted to approve the Plaintiffs' application for a zoning amendment change the analysis? In other words, it is

clear that, up until the moment of the vote, the Commission had the discretion to deny the application, and certainly it was possible that nine people could have voted in favor of Plaintiffs' petition and twelve against it, instead of the inverse. Here, however, twelve members of the Commission voted in favor of passage. In light of the Tennessee Court of Appeals' decision striking down that portion of § 4.05 of the Rutherford County Zoning Ordinance calling for a supermajority vote under certain circumstances, did the County Commission at that point *no longer have the discretion* to deny the application? Or does its initial discretion still trump Plaintiffs' argument that they had a protectable property interest?

If, and only if, Plaintiffs establish the existence of a constitutionally protected property interest would the Court have any need to consider the question of whether the County Commission's actions violated that interest. In that regard, the parties are advised that even if the County Commission's actions might be deemed arbitrary and capricious under state law, that would not necessarily mean they must be found to be arbitrary and capricious under federal law. *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1222 (6th Cir. 1992) ("'arbitrary and capricious' in the federal substantive due process context means something far different than in state administrative law")). In *Pearson*, the Sixth Circuit held that to prevail on a substantive due process attack on a state administrative action, "a plaintiff must show that the state administrative agency has been guilty of arbitrary and capricious action in the strict sense, meaning that there is no rational basis for the . . . [administrative] decision." *Pearson*, 961 F.2d at 1221 (internal quotations and citations omitted). Further, "[i]n the federal court . . . [t]he administrative action will withstand substantive due process attack unless it is not supportable on any rational basis or is willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case." *Id.* (internal quotations and citations omitted). The question here is whether there was any rational basis to support the County Commission's action, regardless of whether that action has ultimately been found to have been in contravention of state law.

The parties, if they choose, may file dispositive motions to address the questions raised herein, as follows:

1. Either or both parties may file a dispositive motion as to the remaining issues in this consolidated case by or before April 16, 2010. If the Plaintiffs choose to file such a motion, they shall file one consolidated motion by all Plaintiffs in both the lead and consolidated cases.

2. Responses shall be filed within thirty days of the filing of any dispositive motion.

3.      No reply briefs shall be filed without first obtaining the Court's permission

It is so **ORDERED**.


_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge