IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVE SHELTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-0318 |
| ) | |
| RUTHERFORD COUNTY, TENNESSEE and ) | Judge Thomas A. Wiseman, Jr. |
| JAMES C. COPE individually and in his ) | |
| official capacity as Rutherford County Attorney, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs filed this suit against defendants Rutherford County, Tennessee and Rutherford County Attorney James C. Cope in his official and individual capacities asserting claims pursuant to 42 U.S.C. §§ 1983 and 1985(3) for damages arising from the alleged violations of their rights under the Fifth and Fourteenth Amendments to the United States Constitution, and seeking attorneys' fees under 42 U.S.C. § 1988. In support of their claims, Plaintiffs allege that the arbitrary, capricious and unconstitutional actions of the Rutherford County Commission and County Attorney James Cope violated their substantive-due-process rights and caused them to lose an $11,040,000 contract to sell approximately 240 acres of real estate located in Rutherford County. Plaintiffs also asserted state-law claims, which this Court previously dismissed.

Now before the Court are two motions: (1) Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 94), and (2) Defendants' Second Motion for Summary Judgment (Doc. No. 95). As set forth in the accompanying Memorandum Opinion, the Court finds that Plaintiffs, on the undisputed facts, cannot establish the requisite elements of their substantive-due-process claims under §§ 1983 and 1985(3) because (1) they have not established that they had a constitutionally protected property interest in the issuance of a conditional use permit that would have authorized construction of a Bible-based theme park on their property; and (2) even if Plaintiffs could establish the requisite "legitimate claim of entitlement" or a "justifiable expectation" in the approval of their plans, *Silver v. Franklin Twp. Bd. of Zoning Apps.*, 966

F.2d 1031, 1036 (6th Cir. 1992), they cannot show that the Defendants' denial of their application was arbitrary and capricious under federal law for purposes of establishing a substantive-due-process claim.

Consequently, Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 94) is hereby **DENIED**, and Defendants' Second Motion for Summary Judgment (Doc. No. 95) is **GRANTED**. Judgment is entered in favor of Defendants and this matter is **DISMISSED**.

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58 from which an appeal may lie.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge